**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs, | No. CV-22-00244-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Barbara Kiffmeyer, | |
| Defendant. | |

Pending before the Court is Defendant Kiffmeyer's Motion to Dismiss ("MTD").[1] (Doc. 24.) The Motion has been fully briefed. Also pending before the Court is Plaintiff Sachs' Motion to Seal, (Doc. 21), and Motion for Urgent Injunction, (Doc. 23). Although Kiffmeyer requested oral argument, the Court declines to hold oral argument finding that it is unnecessary. *See* LRCiv 7.2(f). After considering the parties briefing and the relevant caselaw, the Court will grant Kiffmeyer's MTD and deny Sachs' pending motions for reasons explained below.

**I.   BACKGROUND**

In his Complaint, Sachs alleges that the Superior Court of Maricopa County

---

[1] Kiffmeyer also filed a notice of errata to correct an "inadvertently filed" "incorrect version" of the Motion. (Doc. 27 at 1.) However, beyond the addition of previously omitted exhibits, Kiffmeyer fails to illuminate the Court about what corrections were made to the original Motion. It is unclear if a notice of errata is even proper because the Court lacks adequate notice of the corrections. Additionally, by attaching a previously filed pleading to the original of a subsequent pleading, Kiffmeyer failed to follow Local Rule 7(d)(1). Thus, the Court will not consider it.

appointed Kiffmeyer to conduct a court-ordered independent psychological evaluation of Sachs. (Doc. 1 ¶ 5.) Sachs further alleges that the superior court judge relied on Kiffmeyer's report in revoking Sachs' parenting time. (*Id.* ¶ 6.) Sachs contends that "[Kiffmeyer] used her position as a medical professional to exert authority and influence the Court to make a decision regarding the welfare of a child." (*Id.* ¶ 8.)

Sachs puts forward four causes of action: (1) perjury; (2) gross negligence; (3) violation of the obligation to report abuse; and (4) violation of his constitutional right to familial relations. (*Id.* ¶¶ 10–23.) Of these claims, only the last is a purportedly federal claim; the others are state claims. Sachs' Complaint seeks: (1) declaratory judgment and injunctive relief, such as opening a criminal investigation into Kiffmeyer; (2) damages in the sum of $10,000,000; (3) pre- and post-judgment interests, costs, and attorney's fees; and (4) equitable relief. (*Id.* at 9–8.) Sachs believes that—under 28 U.S.C. § 1343 and 28 U.S.C. § 1391(b)—this Court is the proper jurisdiction and venue. (*Id.* ¶¶ 3–4.)

In her MTD, Kiffmeyer moves to dismiss Sachs' Complaint under Rule 12(b)(6) for several reasons: (1) Kiffmeyer's alleged judicial immunity; (2) the doctrine of res judicata bars the claims; (3) the statute of limitations bar the claims; (4) there is no federal question is presented; and (5) there is no private right of action provided by Arizona law. (Doc. 24 at 5–16.)

## II.   LEGAL STANDARD

The Court must determine if it has subject-matter jurisdiction before it can consider the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Ordinarily, a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act ultra vires.'" *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–102 (1998)). Under Federal Rule of Civil Procedure Rule 12(h)(3), the Court must dismiss a cause of action if it determines—at any point—it lacks subject-matter jurisdiction.[2]

---

[2] Although Kiffmeyer brings her Motion under Rule 12(b)(6), she argues this Court lacks subject matter jurisdiction, (Doc. 12 at 12–14), which is properly a 12(b)(1) argument. However, Rule 12(h)(3) permits the Court to determine sua sponte if it lacks subject matter

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'" *Steel Co.*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. Courty of Oneida*, 414 U.S. 161, 666 (1974)). But "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Henry v. Adventist Health Castle Med. Ctr.*, 363 F. Supp. 3d 1128, 1132–33 (D. Haw. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007)).

## III.   DISCUSSION

### A. The Complaint

In his complaint, Sachs contends that "[t]his Court has jurisdiction over this action under 28 U.S. Code § 1343 (civil rights)." (Doc. 1 ¶¶ 3–4.) It is unclear under what subsection of 28 U.S.C. § 1343 Sachs brings his claims. Subsection (a)(1) and (a)(2) are inapplicable because they pertain only to claims under 42 U.S.C. § 1985, which involves conspiracy claims that require "two or more persons." But Sachs' only allegations are against Kiffmeyer, and he makes no claims of conspiracy. (*See generally* Doc. 1.) Thus, these two subsections are plainly inapposite to this case. Under subsection (a)(4), the Court has jurisdiction when relief is sought under any Act of Congress. Sachs does not cite to any Act of Congress; thus, the Court can rule out the application of this subsection as well.

The final subsection—28 U.S.C. § 1343(a)(3)—states that the Court shall have jurisdiction of an action to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress." Construing the Complaint liberally—as the Court must—this is the only subsection with any potential application to the facts at hand, though the Court ultimately finds that it does not confer jurisdiction.

"Merely [asserting] a constitutional claim" under section 1343(a)(3) "is not

---

jurisdiction.

- 3 -

sufficient to obtain jurisdiction." *Doe v. Klein*, 599 F.2d 338, 340 (9th Cir. 1979). The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly unsubstantiated; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (cleaned up); *see also Sachs v. Quinlan*, No. CV-22-00440-PHX-SMB, 2022 WL 2275666, at *2 (D. Ariz. Jun. 23, 2022); *Sachs v. Wees*, No. CV-22-00368-PHX-DWL, 2022 WL 901415, at *2 (D. Ariz. Mar. 28, 2022). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." *Wees*, 2022 WL 901415, at *2 (quoting *Davis v. Pak*, 856 F.2d 648, 650-51 (4th Cir. 1988)).

Sachs raised the exact same arguments in *Sachs v. Quinlan* (decided by this Court) and *Sachs v. Wees* as he does here and, in both cases, Sachs' complaints were dismissed for subject matter jurisdiction. *See id.*; *Quinlan*, 2022 WL 2275666, at *2. *Quinlan* is especially informative since the defendant in that case was also a court-appointed "Therapeutic Interventionist," who was afforded judicial immunity by Arizona law. *Quinlan*, 2022 WL 2275666, at *3. In *Quinlan*, the Court found it lacked subject matter jurisdiction because Sachs asserted an unsubstantial federal claim and failed to show how the defendant acted under the color of law. *Id.* at *2. The same is true in the instant case.

Here, Sachs contends that Kiffmeyer "used her position as a medical professional to exert authority and influence the Court to make a decision regarding the welfare of a child" to Sachs' detriment. (Doc. 1 ¶ 9.) Sachs also alleges Kiffmeyer failed to fulfill her professional obligations to report a crime. (*Id.* ¶ 18.) In doing so, Sachs contends that Kiffmeyer "interfered with [Sachs'] familial right of association in her blatant disregard for the wishes of Minor Child to live with [Sachs]" and that Kiffmeyer "completely misrepresented this information to the Court which resulting [sic] in the Court reducing [Sachs'] parenting time to supervised visitation only." (*Id.* ¶ 23.)

None of Sachs' claims suffice to confer jurisdiction on this Court. Sachs fails to

show how 28 U.S.C. §1343 is applicable, and further fails to show how Kiffmeyer acted under the color of law or could be considered a state actor. *See Wees*, 2022 WL 901415, at *2 ("Plaintiff does not allege how 42 U.S.C. § 1983 is implicated here or how [the defendant] could be considered a state actor."); *see also Lemke v. Jander*, 2021 WL 778653, *4 (S.D. Cal. 2021) ("Plaintiff cannot invoke this Court's jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights because Plaintiff has not adequately alleged a federal right that Defendant violated or that Defendant was acting under color of law."). Significantly, Sachs provides no explanation for why this Court should treat a private actor—a court appointed advisor—as a state actor and has, thereby, failed to establish jurisdiction. See *Florer v. Congregation Pidyon Shevuyim*, N.A., 639 F.3d 916, 924 (9th Cir. 2011) ("In order for private conduct to constitute governmental action, something more must be present.") (internal quotation marks and citation omitted).

As Kiffmeyer correctly argues, a further jurisdictional hindrance to Sachs' case arises under Arizona law, which holds that if an advisor formulates an opinion about an issue pending before the court and aids the court in making its decision—as Kiffmeyer did here—then that advisor is entitled to judicial immunity. *See Brittner v. Lanzilotta*, 438 P.3d 663, 665–66 (Ariz. Ct. App. 2019) ("Absolute judicial immunity has been extended to 'certain other court officials who perform functions integral to the judicial process, including court-appointed psychologists and psychiatrists who assist the court." (quoting *Lavit v. Superior Ct. In & For Cnty. of Maricopa*, 839 P.2d 1141, 1144 (Ariz. Ct. App. 1992))). Sachs has provided no reason why this immunity has been abrogated and, therefore, the Court is without jurisdiction to hear the case. *See also In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) ("Judicial or quasi-judicial immunity . . . is extended in appropriate circumstances to non[-]jurists 'who perform functions closely associated with the judicial process.'" (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985))).

Because this jurisdictional ailment cannot be cured by amendment, it would be futile to provide Sachs with leave to amend. Consequently, the Court will dismiss the Complaint with prejudice.

### B. The Pending Motions

Sachs currently has two motions pending before the Court. (Docs. 21; 23.) This Court previously denied Sachs' Motion for Urgent Injunction, (Doc. 20), and will deny it again, here, as moot. Additionally, the Court will deny Sachs' Motion to Seal for two reasons.

First, Sachs' Motion fails to conform to Local Rule 5.6(b). "Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing" and must "append (as a separate attachment) a proposed order granting the motion." LRCiv 5.6(b). Here, Sachs fails to present any legal authority to justify his Motion to Seal. Indeed, Sachs only offers Arizona's rules for sealing and unsealing court records. (Doc. 21 at 2.) Sachs additionally fails to proffer any facts in support of the Motion. (*See generally id.*). The Motion is, thus, procedurally deficient.

Second, Sachs fails to overcome the "strong presumption in favor of access" as articulated in *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). To overcome the presumption, a party must "articulate compelling reasons supported by factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotations and citations omitted). Here, Sachs argues "there are strong overriding interests at stake and compelling reasons to seal the record"; however, he fails to present a scintilla of factual evidence to support this proposition. (Doc. 21 at 3). The Court simply does not have facts to consider in making a factual finding. Consequently, the Court is will deny his Motion to Seal.

### C. Attorneys' Fees

Kiffmeyer "requests that she be granted leave to file an application for attorneys' fees and costs." (Doc. 24 at 24.) But this Court may not award attorney's fees because it lacks jurisdiction over the dispute. *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."). Yet, it is notable that the issue of attorneys' fees related to Rule 11 sanctions is a separate matter that the Court may consider. *See Willy v.*

*Coastal Corp.*, 503 U.S. 131, 139 n.5 (1992) ("[A] sanction may constitutionally be applied even when subject-matter jurisdiction is eventually found lacking."); *see also O'Brien v. U.S. Dep't of Just.*, 927 F. Supp. 382, 385 (D. Ariz. 1995), aff'd, 76 F.3d 387 (9th Cir. 1996) ("Although lack of subject matter jurisdiction deprives the Court of the ability to adjudicate the merits of a claim, a Rule 11 sanction does not require an assessment of the legal merits of a claim."). Although Kiffmeyer hints at attorneys' fees upon such grounds, (*see* Doc. 24 at 14 n.2), she did not file the requisite, separate Rule 11 motion necessary for such fees to be awarded, *see* Fed. R. Civ. P. 11 ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Thus, as the case stands, the Court will not award attorneys' fees.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Kiffmeyer's Motion. (Doc. 24.)

**IT IS FURTHER ORDERED** denying all other pending in accordance with this Order. (Docs. 21; 23.)

**IT IS FURTHER** ordered instructing the Clerk to enter judgment in accordance with this Order and terminate the case.

Dated this 11th day of July, 2022.

Honorable Susan M. Brnovich
United States District Judge